

*LFP 7-15-2021*

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Zachary Stendig*
*Assistant United States Attorney*
*Zachary.Stendig@usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21321-3119*

*DIRECT 410-209-4593*
*MAIN 410-209-4800*
*FAX 410-962-2310*

July 15, 2021

_____ FILED          _____ ENTERED
_____ LOGGED       _____ RECEIVED

AUG 0 2 2021

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

**VIA EMAIL**
Gary Edward Proctor
Law Offices of Gary E Proctor LLC
Eight E Mulberry St
Baltimore, MD 21202

      Re:    Plea Agreement in <u>United States v. Damian Covington</u>
              Criminal Number GLR-21-0102

Dear Counsel:

      This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Damian Covington (hereinafter "Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. The terms of the Agreement are as follows:

<u>Offense of Conviction</u>

      1.    The Defendant agrees to plead guilty to Count Two of the Indictment now pending against him, which charges him with Possession of a Firearm and Ammunition by a Prohibited Person in violation of 18 U.S.C. § 922(g)(1). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

<u>Elements of the Offense</u>

      2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, September 24, 2020, in the District of Maryland, the Defendant:

          a.    Knowingly possessed a firearm as that term is defined in 18 U.S.C. § 921(a)(3) and ammunition as that term is defined in 18 U.S.C. § 922(a)(6).

          b.    Had been convicted of a crime punishable by imprisonment for a term exceeding one year;

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

    c.   Knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and

    d.   That the firearm and ammunition affected interstate commerce because they were manufactured outside of the State of Maryland.

### Penalties

    3.   The maximum penalties provided by statute for the offense(s) to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|-------|---------|----------------|----------------|--------------------|--------------|--------------------|
| 2 | 18 U.S.C. § 922(g) | n/a | 10 years (or life imprisonment if found to be an Armed Career Criminal) | 3 years | $250,000 | $100 |

    a.   Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

    b.   Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment up to the entire original term of supervised release if permitted by statute, followed by an additional term of supervised release.

    c.   Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

    d.   Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

    e.   Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

    f.   Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

## Waiver of Rights

4.      The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

a.      If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

e.      If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

a.      This office and the defendant agree that pursuant to U.S.S.G. § 2K2.1 (a)(4)

Page 4 of 9

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

the applicable base offense level is 20 because the Defendant committed the instant offense subsequent to sustaining one felony conviction for either a crime of violence or controlled dangerous substance offense.

        b.      The offense level is increased by 4 levels because the offense involved a firearm with an obliterated serial number, pursuant to U.S.S.G. § 2K2.1(b)(4)(B).

        c.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's acceptance of personal responsibility for the Defendant's conduct. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

        d.      Accordingly, the anticipated final adjusted offense level is 21.

    7.      There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

    8.      Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

                    **Rule 11(c)(1)(C) Plea** ~~GF~~ *DC*
                    *Months* (*ZBS*)

    9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of **30 of imprisonment** in the custody of the Bureau of Prisons is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

10.    The parties agree that a sentence of **30 months of imprisonment** is a reasonable and appropriate sentence, taking into consideration the nature and circumstances of the offense, and the defendant's criminal history, and all of the other factors set forth in 18 U.S.C. § 3553(a).

## Obligations of the Parties

11.    At the time of sentencing, this Office will recommend a sentence of **30 months of imprisonment**. Upon imposition of sentence, this Office will move to dismiss the remaining counts of the Indictment. This Office reserves the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office deems relevant to sentencing, including the conduct that is the subject of any counts of the information. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

12.    In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b.    The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows: *30* *(DES)* *of DC*

(i)    The Defendant reserves the right to appeal the sentence of imprisonment if the total term of imprisonment exceeds 42 months of imprisonment; *30* *(DES)* *of DC*

(ii)    This Office reserves the right to appeal the sentence of imprisonment if the total term of imprisonment is less than 36 months of imprisonment.

c.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Forfeiture

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

13.    The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense(s), substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

a.    Specifically, but without limitation on the government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in any items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities including:

i.    a SCCY, CPX-2, 9mm Lugar semi-automatic pistol with an obliterated serial number, and six Speer JFN and two Federal JHP (HST) rounds of ammunition

b.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described in the two above subparagraphs and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

c.    The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

d.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

## Defendant's Conduct Prior to Sentencing and Breach

14.    Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

cooperate in the preparation of the presentence report; and will not move to withdraw from the
plea of guilty or from this Agreement.

   a.  If the Defendant engages in conduct prior to sentencing that violates the
above paragraph of this Agreement, and the Court finds a violation by a preponderance of the
evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office
may make sentencing arguments and recommendations different from those set out in this
Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any
criminal or civil proceeding, this Office will be free to use against the Defendant all statements
made by the Defendant and any of the information or materials provided by the Defendant,
including statements, information, and materials provided pursuant to this Agreement, and
statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of
Criminal Procedure. A determination that this Office is released from its obligations under this
Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant
acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made
pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In
that event, neither the Court nor the Government will be bound by the specific sentence or
sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

## Court Not a Party

   15.  The defendant expressly understands that the Court is not a party to this agreement.
In the federal system, the sentence to be imposed is within the sole discretion of the Court. The
Court is under no obligation to accept this plea agreement. In the event the Court rejects this Rule
11(c)(1)(C) plea agreement, pursuant to Rule 11(c)(5)(C), the Defendant will be informed that he
may withdraw his plea. If he persists in the guilty plea thereafter, the Defendant understands that
the disposition of the case may be less favorable than that contemplated by this agreement. The
Defendant understands that neither this Office, his attorney, nor the Court can make a binding
prediction or promise that the Court will accept this agreement. The Defendant agrees that no one
has made such a binding prediction or promise.

## Entire Agreement

   16.  This letter, together with the Sealed Supplement, constitutes the complete plea
agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior
understandings, promises, or conditions between this Office and the Defendant. There are no other
agreements, promises, undertakings, or understandings between the Defendant and this Office
other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement
will be effective unless in writing, signed by all parties and approved by the Court.

   If the Defendant fully accepts each and every term and condition of this Agreement, please
sign and have the Defendant sign the original and return it to me promptly.

Plea Agreement
U.S. v. Damian Covington
GLR-21-0102

Very truly yours,

Jonathan F. Lenzner
Acting United States Attorney

By: _____    8/2/21

Zachary Stendig
Lindsey McCulley
Assistant United States Attorneys

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____    Date: 7/26/21

Damian Covington
Defendant

I am Damien Smith's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_____    Date: 7/26/21

Gary Proctor, Esq.
Attorney for the Defendant

Page 9 of 9

Plea Agreement
U.S. v. Damian Covington
GLR-21-102

## ATTACHMENT A

## STIPULATION OF FACTS

The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.

On September 24, 2020, around 5:45 p.m., members of the Baltimore City Police Department (BPD) were in three separate vehicles around the 2800 block of Reisterstown Road in Baltimore, Maryland. BPD observed a black Honda Accord bearing VA registration UGS6565 leaving the 2300 block of Tioga Parkway at a high rate of speed. The vehicle then turned onto the 2800 block of Reisterstown Road. The vehicle changed lanes without signaling. It then merged onto the 3400 block of Park Heights avenue. While watching the vehicle, two BPD officers notified other officers about the traffic violations. The vehicle turned onto the 2700 block of Keyworth Avenue and then turned north onto the 4000 block of Reisterstown Road. Several BPD officers then stopped the vehicle.

One of the detectives told the driver of the vehicle that he was being stopped for the unsafe lane change. They identified the driver as Tyquon Garrison and the passenger as the defendant, Damien Covington. Detectives requested the registration for the Honda Accord. While Garrison was trying to find his registration, a BPD officer observed a clear tube containing suspected marijuana. Garrison acknowledged the presence of marijuana in the tube and held it up for the officers' view. Garrison and Covington were asked to step out of the car so a search could be conducted.

During the search, a BPD Detective asked Garrison for the keys to open the glove compartment. He used the key to open it and a Taurus 9 mm firearm belonging to Garrison was found inside. It was loaded with 12 live rounds. Also, in the glove compartment was paperwork from Jiffy Lube with Garrison's name.

The search continued and BPD Detective found a black bag behind the defendant's seat. Inside the bag was a handgun and several other items. Specifically, a SCCY, CPX-2, 9mm Lugar semi-automatic pistol with an obliterated serial number, and six Speer JFN and two Federal JHP (HST) rounds of ammunition. Also in the bag was Covington's identification card, three debit cards and an independence card in his name, and suspected marijuana.

BPD read *Miranda* warnings to the Covington who, in substance, admitted that he possessed the firearm inside of the backpack.

The Defendant admits that he knowingly possessed the firearm and ammunition. Prior to possessing the firearm and ammunition on September 24, 2020, the Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored. Furthermore, the Defendant knew of this prior conviction when he possessed the firearm and ammunition. The firearm and ammunition that the Defendant possessed on September

1

Plea Agreement
U.S. v. Damian Covington
GLR-21-102

24, 2020, affected interstate commerce because it was all manufactured outside of the State of
Maryland.

The handgun has been examined and was determined to be operable, capable of expelling a
projectile by the action of an explosive.

All events occurred in the District of Maryland.

SO STIPULATED:

_____
Zachary Stendig
Lindsey McCulley
Assistant United States Attorneys

_____
Damian Covington
Defendant

_____
Gary Proctor, Esq.
Counsel for Defendant

2